UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

RONALD WILLIAM HYDE,                )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )    No.: 15-3014-TSH
                                    )
                                    )
WARDEN KORTE, DR. BAKER,            )
R. HETTINGER, and JOHN DOE,         )
                                    )
        Defendants.                 )

**OPINION AND ORDER**

**TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:**

This cause is before the Court on Plaintiff Ronald William Hyde's pending motions.

*First*, Hyde has filed a motion asking the Court to enter a preliminary injunction on his behalf [D/E 36]. Specifically, Hyde asks the Court to order IDOC officials at the Pinckneyville Correctional Center ("Pinckneyville"), where he is currently housed, to provide him with certain items ranging from clothing, toiletries, food, and electronic devices. Hyde wants the Court to order that some of these items be provided to him on a monthly basis.

"To obtain a preliminary injunction, the moving party must show that its case has 'some likelihood of success on the merits' and that it has 'no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied.'" *Stuller, Inc. v. Steak N Shake Enter., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012)(quoting *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). If the moving party meets these threshold requirements, the district court "must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is

denied." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). The district court must also consider the public's interest in an injunction. *Id*.

In this balancing of harms, the district court must weigh these factors against one another "in a sliding scale analysis." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). "The sliding scale approach is not mathematical in nature, rather 'it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief.'" *Ty, Inc.*, 237 F.3d at 895-96 (quoting *Abbot Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992)).

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The movant must carry his burden of persuasion on each of the elements necessary to enter injunctive relief in order to obtain injunctive relief. *Rust Envt. & Infrastructure, Inc. v. Teunissen*, 131 F.3d 1210, 1219 (7th Cir. 1997)(holding that a party seeking a preliminary injunction must satisfy each element).

Here, Hyde has not demonstrated that he is entitled to a preliminary injunction. Initially, the Court notes that it does not possess jurisdiction over any of the officials at Pinckneyville. Defendants are all employed by IDOC at the Western Illinois Correctional Center ("Western"), *i.e.*, the facility where Hyde was housed when he filed this lawsuit. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012)(holding that an inmate's request for injunctive relief may be moot if the inmate is transferred and there is no showing that he is likely to be returned to that institution). Therefore, the Court lacks the jurisdiction to grant the type of injunction that Hyde seeks because the individuals against whom the injunction would be entered are not parties to this suit.

Even if the officials at Pinckneyville were parties to this suit, Hyde has failed to show that he is likely to succeed on the merits of his claim. Hyde's claim in his Complaint and in his motion is that the conditions of his confinement violate his Eighth Amendment right to be free from cruel and unusual punishment.

The United States Supreme Court has made clear that "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This means that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as an infliction of punishment." *Id*. at 838.

Accordingly, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. This type of deliberate indifference "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Frazen*, 780 F.2d 645, 653 (7th Cir. 1985). "[M]ere negligence or even gross negligence does not constitute deliberate indifference," *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), and it is not enough to show that a prison official merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995), *abrogated on other grounds, Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Here, Hyde has not alleged that he is not receiving food, clothing, or life's necessities. Instead, Hyde wants the Court to order that he receive very specific food and clothing. For

example, Hyde wants the Court to order that he receive the following items: Tasters Choice coffee on a monthly basis, a pair of size seven Nike Air Max tennis shoes, and an insulated Lee denim jacket, included among a long list of specific items requested.

These requests are not type of conduct that, if not provided, deprives Hyde of the minimally civilized measure of life's necessities.  The Supreme Court has noted that "routine discomfort is part of the penalty that criminal offenders pay for their offenses against society," and so, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)(internal quotations omitted).  Indeed, "the Constitution . . . does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  If prison conditions are merely "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 349 (1981).  Thus, prison conditions rise to the level of an Eighth Amendment violation only when they "involve the wanton and unnecessary infliction of pain." *Id*. at 347.

Hyde has not shown conditions so egregious that would trigger the Constitution's protections. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992)(objective component met where prison conditions were "so strikingly reminiscent of the Black Hole of Calcutta"). Prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988); *Lunsford v. Bennett,* 17 F.3d 1574, 1581 (7th Cir. 1994)("[t]he Constitution does not require prison officials to provide the equivalent of hotel accommodations or even comfortable prisons."). Accordingly, Hyde's motion for a preliminary injunction is denied.

*Second*, Hyde moves for leave to file documents as evidence in this case [D/E 27]. Hyde's motion is denied. The documents that Hyde wants the Court to consider as "evidence" are not related to any motion or hearing pending before the Court.

As such, Hyde is asking the Court for leave to file discovery material. Local Rule 26.3 prohibits parties from filing discovery with the Court. Hyde has not given the Court a reason why the Local Rule should not be followed. Accordingly, Hyde's motion for leave to file is denied.

*Third*, Hyde has filed a motion asking the Court to compel Defendants to produce certain video footage of an encounter that he alleges occurred while he was at Western [D/E 26].

However, Hyde has not shown or even alleged that he made such a request to Defendants before filing his motion with the Court. Before the Court may compel a party to take certain actions under Federal Rule of Civil Procedure 37, the party must first make a discovery request to the opposing party under Rule 33 or Rule 34. Hyde has not done so, and therefore, his motion to compel is denied.

Finally, Hyde has filed two motions (that the Court will construe as requests for the issuance of subpoenas) asking the Court to issue subpoenas on his behalf [D/E's 28 & 30]. In actuality, Hyde's motions ask for a variety of things in addition to having subpoenas issued, but most of his requests are irrelevant to this case.

In his second motion [D/E 30], Hyde asks for a subpoena to be issued to IDOC for a copy of certain portions of the Illinois Administrative Code and a copy of a settlement agreement regarding mentally ill inmates. Hyde's Complaint contains three claims: a claim against John Doe for being deliberately indifferent to his serious medical needs for injuries that he sustained as a result of a fall from his bunk; a claim against Defendant Warden Korte for cruel and unusual

5

punishment based upon the conditions of his confinement; and a claim against Defendants Hettinger and Dr. Baker for being deliberately indifferent to his serious medical needs regarding his broken finger. Hyde's request for settlement documents in other cases is irrelevant to any of these claims, and there is no stated reason for IDOC to have to produce copies of the Illinois Administrative Code to Hyde via a subpoena.

Next, Hyde again asks the Court to order IDOC to provide him with certain specific supplies. As explained *supra*, Hyde is not entitled to demand that IDOC provide him with supplies of his choosing, and in any event, a subpoena is not a proper mechanism for seeking these items.

Hyde's motion concludes with a request for an "official comment." Essentially, Hyde wants the Court to require IDOC to answer why it is not accommodating his specific requests for food and other items specified in this motion and in his motion for injunctive relief. Hyde makes a nearly identical request in his other motion for the issuance of a subpoena.

There is no legal reason to require IDOC to provide Hyde with the explanation that he seeks because, as explained above, he is only entitled to life's necessities, not to the specific items of his own choosing. Accordingly, this motion is denied.

Hyde's other motion [D/E 28] also seeks a litany of relief. First, Hyde seeks video footage from IDOC of a certain location at Western on September 15, 2014. As explained above however, Hyde must first serve a discovery request upon Defendants before asking the Court for help and before asking non-parties to be involved.

Second, Hyde requests that the Court order Equip for Equality to inspect Western on his behalf, but the Court has no authority to compel non-parties to take such actions. Essentially,

Hyde is asking the Court to order non-parties to make inspections on his behalf. Such a request is improper, and his motion is denied.

Third, Hyde asks the Court to order a subpoena from Pinckneyville officials for all of his "mental health records, diagnosis, and thoughts." These records are irrelevant to any of his claims and have nothing to do with the alleged wrongs committed against him while he was housed at Western.

Fourth, Hyde asks the Court to order that a conference be held at the IDOC facility in Pinckneyville, including the Plaintiff, specified IDOC personnel, the Defendants and their attorneys. The Plaintiff is not entitled to such a Court ordered conference. Accordingly, Hyde's request is denied.

Finally, Hyde asks the Court to issue a subpoena to the John Howard Association for certain records. Hyde asks for records of the John Howard Association for any investigation of alleged constitutional violations that occurred at Western from August 20, 2014, through September 30, 2014, which included examining whether inmates were required to sleep on the floor at Western and whether Dr. Baker failed or refused to provide medical treatment to the Plaintiff when he was confined at Western. To the extent that the John Howard Association conducted such an investigation and possesses reports regarding its findings, this material could be relevant to Hyde's claim. Accordingly, the Court will grant Hyde's request for the issuance of a subpoena to obtain this limited material from the John Howard Association.

**IT IS, THEREFORE, ORDERED:**

1. **Plaintiff's motion for preliminary injunction [36] is DENIED.**
2. **Plaintiff's motion for leave to file documents [27] is DENIED.**
3. **Plaintiff's motion to compel [26] is DENIED.**

4.	Plaintiff's motion for subpoena [30] is DENIED.

5.	Plaintiff's motion for subpoena [28] is GRANTED, in part, and DENIED, in part as stated above.  As for Plaintiff's motion for a subpoena to the John Howard Association, his motion is GRANTED.  Accordingly, the Clerk of the Court is directed to issue a subpoena to Plaintiff that is addressed to: John Howard Association of Illinois, 375 E. Chicago Ave. Chicago, Illinois, 60611.  Plaintiff is responsible for completing and serving the subpoenas himself. *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012)(subpoena seeking documents may be served by certified mail). The Subpoena should request only the following items:

1)	Any and all reports or records of any investigation conducted by the John Howard Association concerning whether inmates housed at Western Illinois Correctional Center (Western) were required to sleep on the floor during the period from August 20, 2014 through September 30, 2014; and,

2)	Any investigation as to whether Dr. Baker failed to provide medical treatment to Plaintiff Ronald William Hyde when he was housed at Western.

In addition, Plaintiff should have the responsive documents sent to him—not with the Court—as these documents are considered discovery that is not to be filed with the Court pursuant to Local Rule.  Finally, Plaintiff should include a copy of this Order when serving the subpoena.  In all other respects, Plaintiff's motion is DENIED.

ENTERED:  December 7, 2015

_____s/ Tom Schanzle-Haskins_____<br>
TOM SCHANZLE-HASKINS<br>
UNITED STATES MAGISTRATE JUDGE