UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD WILLIAM HYDE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No.: 15-3014-TSH |
| | ) |
| **NURSE BRADBERRY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:**

This cause is before the Court on Defendant Jeff Korte and Randell Hettinger's Motion to Revoke Plaintiff's *in forma pauperis* Status (d/e 41) (Motion).

Defendants Korte and Hettinger have filed the instant motion asking the Court to revoke Plaintiff's *in forma pauperis* status and to require him to pay the full amount of the filing fee owed in order to continue with this case. Defendants assert that Plaintiff has accumulated at least "three strikes" under the Prison Litigation Reform Act and may not continue with his *in forma pauperis* status as a result.  Defendants have attached to their Motion an Order from the Honorable Phil Gilbert, United States District

Judge for the Southern District of Illinois, which outlines the cases in which Plaintiff has accumulated more than three strikes.

Defendants' Motion is granted.  Initially, the Court notes that Plaintiff's failure to completely and truthfully describe and detail his litigation history constitute a fraud upon the Court that justifies revoking his *in forma pauperis* status.  As one District Court has noted: "The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation.  As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court." *Crawford v. Kalaher*, 2013 WL 2898272, * 2 (S.D. Ill. June 13, 2013); *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008)(termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999)(litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court).

Plaintiff committed a fraud upon the Court by omission by failing to provide his litigation history or his three-strikes status.  This case is not the

only case in which Plaintiff has failed to disclose this information as evidenced by Judge Gilbert's Orders that the Court incorporates by reference into this case. Accordingly, Plaintiff cannot continue to proceed *in forma pauperis* in this case.

Title 28 U.S. C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*. Plaintiff has, on three or more prior occasions, accumulated three strikes under § 1915(g). *See* Judge Gilbert's Order identifying cases. Therefore, Plaintiff can only proceed *in forma pauperis* if his Complaint sufficiently alleges that he is under imminent danger of serious physical injury.

The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time is pressing" and a "threat . . . is real and proximate." *Heimnerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The second prong

(*i.e.*, danger) must be of "serious physical injury." 28 U.S.C. § 1915(g); *Fletcher v. Deathridge*, 2008 WL 4724173, * 2 (C.D. Ill. Oct. 23, 2008).

Here, Plaintiff has not alleged any imminent danger in his Complaint. The closest that Plaintiff's Complaint comes to claiming imminent danger is his claim that he did not receive treatment for his broken finger. But, that claim is not the type of "genuine emergency" that would satisfy the imminent danger prong, especially in this case where Plaintiff is no longer being housed at the facility where he was allegedly denied medical treatment.

Because Plaintiff is not under any imminent danger of serious physical injury and because he has three strikes against him, Plaintiff is not entitled to continue to proceed *in forma pauperis*. 28 U.S.C. § 1915(g).

**IT IS, THEREFORE, ORDERED:**

1. **Defendants Korte and Hettinger's Motion to Revoke Plaintiff's *in forma pauperis* Status (d/e 41) is GRANTED.**

2. **Accordingly, Plaintiff's *in forma pauperis* status is REVOKED because he has three strikes under the Prison Litigation Reform Act and because he has not demonstrated that he is under imminent danger of serious physical injury.**

3. Plaintiff must pay the full amount of the filing fee of $350.00 within fourteen (14) days from the date of this Order.

4. Plaintiff's failure to pay timely the filing fee will result in a dismissal of this case.

5. Defendants Korte and Hettinger's Motion to Stay the Dispositive Motion Deadline (d/e 40) is GRANTED, and this case is STAYED pending further Order from this Court.

ENTERED: June 17, 2016

_____s/ Tom Schanzle-Haskins_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE